The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, Arkansas 72764
Dear Representative McJunkin:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act, which is codified at A.C.A.25-19-101, et seq. (1987). Specifically, you wish to know whether information regarding a student transfer is exempt from release to a non-custodial parent or any other party.
As you note in your request, A.C.A. 25-19-105(b)(2) exempts "scholastic records" from public inspection and copying. This is a broad exemption, applying to records detailing the performance of an individual in an academic setting, regardless of where the records are maintained. However, you note in your request that the information requested is a record of a public school. Since that is the case, the controlling law is not the Arkansas FOIA, but rather a federal statute which applies to scholastic records maintained by a school or educational agency.
The Family Education and Privacy Rights Act, which is codified at20 U.S.C.A. 1232g, restricts the availability of "educational records", which are defined as "records, files, documents and other materials which contain information directly related to a student." 20 U.S.C.A. 1232g(b)(1) addresses the issue of parental and third party access to educational records as follows:
 (b)(1) No funds shall be made available under any applicable program to an educational agency or institution which has a policy or practice of permitting the release of education records . . . of students without the written consent of their parents to any individual, agency or organization, other than to the following. . .
 (H) parents of a dependent student of such parents, as defined in section 152 of Title 26.
Subsection (H), as referenced above, clearly states that parents can access records maintained by an educational agency or institution, so long as the student is a dependent of the requesting parent as defined by the Internal Revenue Code. If the student is not a dependent of the requestor, then a signed waiver must be obtained from the parent who supports the student (by IRS standards) as a prerequisite to the release of the scholastic data.
This same procedure of obtaining a release from a parent would also hold true for requests for records form third parties not listed as having access under 20 U.S.C.A. 1232g(b)(1).
Therefore, a school district may release information relating to a student to any party upon receipt of a signed waiver from a parent. Parents may access their child's records without a waiver if the parent can claim the child as a dependent in accordance with the Internal Revenue Code.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.